We'll hear the last case on the calendar, District Attorney of New York County versus Republic of the Philippines. Thank you. Good morning, Your Honor. My name is Bob Swift, and for 30 years, I've represented the class of Filipino human rights victims who were abused during the administration of Ferdinand DiMarcos. This matter comes to you on interlocutory appeal because the Republic of the Philippines, in this interpleader, had filed a duplicative case in the Philippines for which the class had sought injunctive relief. The court refused to allow the class to file a motion to modify the injunction or to enjoin the Republic from proceeding with its case in the Philippines. However, it was a decision on the merits which therefore warranted an interlocutory appeal under 1292-1A. The class has, since 2012, been seeking to recover on a judgment against Imelda Marcos as to more than 150 artworks that she had purchased during the 1970s and 1980s. When the lower court took jurisdiction in this interpleader case and took it away from the state court, the class was not able to continue to pursue some 150 paintings, and the only property it was able to pursue were what we call the levied property that was interpleaded into federal court by the district attorney of New York. There is, of course, an underlying issue of subject matter jurisdiction as to whether the lower court ever properly acquired jurisdiction, and I need to tell the court that it is not that Duran and the class were unwilling to litigate in federal court. We certainly are and have been. The issue is whether any party can confer jurisdiction on the federal court. The doctrine of prior exclusive jurisdiction is a very old one in this country. Before we get into that, and I think that really is the issue, I don't understand why you didn't avoid a lot of this procedural maneuvering and confusion by naming the republic in the turnover proceeding in state court. Wouldn't that have gotten rid of a lot of these maneuverings? Well, I don't know that it's maneuvering, this is the right word, but certainly from the standpoint of what we viewed as the proper way in which to litigate this, we wanted the entire state court case removed to federal court. We could have named the republic, however. I go to the republic once or twice a year, and there are security issues, and the republic in the past has sought to hold me in contempt of court for taking the depositions of my very own clients, so I'm somewhat reluctant to name them initially in litigation. I'm not afraid, and I certainly have litigated against them, but that's the answer to your question. What we proposed was that the entire case be removed. We asked Judge Fala, please remand under 1447C, and we will not object to the republic removing everything to federal court. That, I think, was the proper solution, but the lower court did not grasp it and had some disagreement with that. But I'd like to move to what you regard as the seminal issue, which is prior exclusive jurisdiction. I've looked, and perhaps your law clerks have looked, to see what other cases have been ... Also, the judges have looked, not just the law clerks. Okay, have looked to see on what occasions this court has ruled on the issue of prior exclusive jurisdiction. I found one reference which was only dicta, but the U.S. Supreme Court has, of course, ruled on it on many occasions, and it's a doctrine that is separate and apart from the abstention doctrine. The lower court seemed to, I think, confuse that and really wanted to treat the issue as one of abstention when it was prior exclusive jurisdiction. I don't want to belabor the point, but the object of the doctrine is to avoid unseemly conflicts with the state court. Here we had a state court judge who had been involved in this case for two years, and we were in discovery. He was probably in the process of writing an opinion, which ultimately came out after the lower court had said, well, I'm going to enjoin the state court proceeding. But no order followed from that, and he then wrote his opinion, including opining that the property at issue that the class was claiming was in the custody of the court and that the levies were valid. Isn't there a question about whether or not the levy property actually belongs to Imelda Marcos, isn't there? Yes, there is. So if there is a bona fide dispute as to the ownership of property subject to levy under CPLR 5232A, does a New York court assume jurisdiction and retain it until there is an affirmative finding that the property does not belong to the judgment debtor, or is it that there must be some kind of initial finding that the property does belong to the judgment debtor to assume jurisdiction? I would go a step further back and go back to the levy that the sheriff makes on the property. Until that levy is disturbed by the lower court in a CPLR 5225 proceeding, that property remains in the custody of the court. What's the authority for that? Well, I don't know that I can cite you specific New York authority. However, the United States Supreme Court in a case that we've cited, the Armour case I believe, said that until such time as the state court is able to adjudicate entitlement to the property, the federal court cannot assume jurisdiction over that same property. And I believe that's been the law as it's been well understood for all these centuries. I take it that's your prior exclusive jurisdiction argument. It is. It is, but going back to the 1900s and the jurisprudence in this country, much of it was property related and much of it related to levies on property of judgment debtors. So that's sort of the font from which a lot of our case law proceeds. But certainly in this case, the state court had the duty and the obligation to determine entitlement. Now, I'd like to reserve one minute if I can for rebuttal, but to point out the class has a judgment against Imelda Marcos. And in the criminal case against Vilma Bautista, it was well established that the property had been purchased by Imelda Marcos and was her property. So it isn't as if we're making a claim out of left field. This is all based on evidence. On the orals, you'll have one minute for rebuttal. Thank you. On your views on whether oral statements are by courts, are you saying they're not binding? It's always been my understanding that an oral statement I enjoin you is not binding until it is memorialized in writing. I believe that's the law in this circuit, and I've cited you in a couple other circuits, including one in the Seventh Circuit, which has some rather strong language. Is that particularly true of injunctive language, given the requirement of an injunction being clear and specific? Well, it does have to be clear and specific, but it has to be in writing. And I believe that – What's the case, the Second Circuit case, that holds that firmly? It's in my brief, and I've actually quoted it. When you come back, you can tell us. Thank you. Thank you. May it please the Court. Good morning, Your Honors. Kenneth C. Murphy for the Republic of the Philippines. I think my adversary is somewhat misguided, and I submit to this Court that Duran's true goal here is to appeal the underlying decision rendered in April of 2015, which was initially on the February 19th court appearance, where Judge Fela went through why she was staying in the state court proceeding. There was a discussion of the abstention doctrine, the Colorado River factors. It was a detailed explanation given by the Court at that time on the record, and it was later memorialized in a written order on or about, I think it was April 16th, 2015. And that was the issue of prior exclusive jurisdiction that was raised in the Court below by my adversary then. No notice of appeal of that decision was filed. What was filed in February of 2016 was an appeal of a January 28, 2016 order denying counsel leave to file a motion to modify the injunction. What's very important is that this Court be aware what counsel was seeking to do the end of 2015, early 2016 was to modify the injunction with respect to the other paintings. Not the paintings at issue here, but 150 paintings that were listed in his New York State turnover proceeding, the likes of which, the location of which no one knows at this point in time. They're not in the state of New York as far as anyone knows. They're certainly not held by Daney. The Republic has no idea where they are. They've been on a list of missing or stolen artwork that the Republic has been seeking since 1986 or 87. So the other paintings litigation is what he sought to proceed in the state court. That is what was enjoined by Judge Fela in her April 16, 2015 order. And no notice of appeal was filed for the April 16 order. I submit to the court that what Mr. Swift could have done, quite frankly, if he really wanted to make the motion, he could have just made the motion. I don't know why he asked Judge Fela for leave to make a motion to modify the stay. Because frankly, even under her individual rules, Rule 4, all you have to ask to make the pre-motion letter brief is on summary judgment, motions on the pleading, sanctions, and discovery. That was a motion he was free to make. But it's as if he was seeking the court's indication when he wrote the letter saying, I'd like a motion scheduled to make this motion. And Judge Fela issued the order January 28, 2016, saying, I'm denying you permission to make the motion. What counsel could have done, I believe, is just write a letter to Judge Fela citing, say, or Richardson-Greenshields v. Lau, 825XF2nd647, which says district courts can't really deny litigants the right to make a motion except under extraordinary circumstances. Had he simply said that, I submit the court would have probably set a motion schedule. But we all can pretty much tell from the conversation, the orders that came out, that counsel probably knows what the result of such a motion would have been. The motion would have been denied. So he immediately took an interlocutory appeal here with the hopes that he could revisit not just that issue of lifting the stay with respect to the other paintings, but also this issue of the abstention doctrine, which should not be before this court on an interlocutory basis right now. If he was going to file a motion to revisit that issue, it needed to be done by a notice of appeal filed 30 days after the April order. Now, I will go. Well, the Supreme Court, as you know, has held that where the practical effect of refusing an injunction is such that there could be interlocutory review. So why doesn't the district court's denial of leave to file a motion to modify the injunction or request a new injunction have the same practical effect? I believe under the court's authority here of the Mulligan law firm, 594 F. 3rd. 113, this court would evaluate whether or not a 1292 interlocutory appeal is appropriate under a certain test, and that being whether or not the interlocutory or the attempt to modify the injunction, taking your argument, Your Honor, was an attempt to give or aid in giving substantive relief sought in the lawsuit. My point is what counsel was seeking to do, even if I accept what you're saying to revisit the injunction, let's remember what he was trying to revisit was the lift of the stay with respect to the other paintings, not the interpleaded property, because we're litigating the interpleaded property or what counsel calls the levied property already. He's seeking to lift the stay with respect to the other paintings, and such relief would not give or aid in giving the substantive relief sought in the case in the Southern District to wit ownership of the property in the possession of Daney. Let me ask you the same question that I asked your adversary. Is there jurisdiction over the levied property until there is an affirmative finding that the property doesn't belong to the judgment direct debtor, or does there have to be some kind of finding that the property does belong to the judgment debtor to assume jurisdiction? I think it depends on the context in which the jurisdiction question is posed. When it comes to a state court turnover proceeding where a judgment creditor is seeking to seize, I always use the example if you're seeking to seize my car, if my colleague, Mr. Shapiro, owns that car or it's really his, then the court can't seize jurisdiction over it. But on a federal interpleader where every interpleader is a question of ownership, Your Honor, that's what interpleaders are about. So, of course, a federal court and a federal interpleader would have to exercise jurisdiction over that property to determine competing interests. What are your best cases for that? At the moment, I can't cite off the top of my head a case that I have not found a case, admittedly, that compares a parallel action where we have a federal interpleader like this and a state court turnover. I believe the best case for the authority of this court was Judge Sand's decision, which cited in our papers, city group, KLCC versus city group. I think Judge Sand's reasoning there was spot on, and Judge Fela adopted it with respect to the issue of why the federal interpleader could proceed because there was a question about ownership in the parallel state court proceeding. How would you respond to the view, the argument or assertion that the district court abused its discretion in denying Durand leave to file a motion to enjoin the republic because that motion requested new relief that the district court never considered enjoining the republic from engaging in litigation abroad? I submit that the district court under 2361, there is no authority for the district court to enjoin the republic from litigating abroad because it's in the state courts or federal courts of this country. I don't believe that that was an issue that could ever be determined by the court. Well, that's your ultimate view. The question is whether it's for the district court to make that decision, right? Correct. And I believe that counsel can make a motion today on his attempt to modify the stay if that's what he wants to do. And I think that he does have the law of this circuit does permit him to make that motion. And at that point, we would fully brief it and argue it and determine what the outcome would be. But at this point, all we have are two three-page, single-spaced letter briefs that went back and forth to counsel. I think when you look at the full context of counsel's brief and the arguments that are made here, it was an opportunity to come here to revisit the ultimate issue of the abstention doctrine analysis in the prior exclusive jurisdiction. Even the questions presented, his first one is that issue, not the denial of an opportunity to make a motion. If there are any further questions, thank you, Your Honors. Your Honor, the citation is at pages 19 and 20 of the opening brief. I've cited two cases, one in 2009 and one in the year 2000 from this court. And I've also cited two cases that say the same thing from the Seventh Circuit. That is that an oral injunction is not enforceable. It must be followed by a written injunction. Mr. Murphy represents the Republic. The Republic is the perpetrator of the abuses against my client. And it's simply unseemly that the class cannot pursue or to collect a judgment against Imelda Marcos when the Republic doesn't even have a judgment. And it is now apparently decided it cannot prevail, given some of the defenses that I've pointed out, statute of limitations among them. So it's gone into its own court and it's seeking a forfeiture order. And presumably it will then come to the United States and say, see, this all belongs to us anyway. And it's just too bad the class of human rights victims who are mostly impoverished can't seem to recover on their judgment. But that's just too bad. I think I'll leave you with that. Thank you. Thank you both for your arguments. The court will reserve decision. The clerk will adjourn court. Thank you. Court is adjourned.